IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:12-cr-00002 |
| | ) | |
| v. | ) | |
| | ) | |
| JASON MATTHEW WHITING | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |

## MEMORANDUM OPINION

On April 24, 2013, Jason Matthew Whiting pled guilty to conspiracy to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Whiting's plea agreement (ECF No. 321) did not specify an agreed upon term of imprisonment. Instead, the parties stipulated that United States Sentencing Guidelines § 4B1.1(b)(1)—the career offender designation—would apply, with a base offense level of 37. The resulting sentencing guidelines range was 262-327 months, though 18 U.S.C. § 841(b)(1)(A) provided a statutory minimum of 240 months. The court ultimately sentenced Whiting to 144 months in reflection of his substantial assistance to the Government, pursuant to 18 U.S.C. § 3553(e).

On November 14, 2016, Whiting filed a motion seeking a reduction in his sentence (ECF No. 432). Whiting asks the court, under its 18 U.S.C. § 3582(c)(2) authority, to reduce his sentence pursuant to Amendment 782. Although Amendment 782, which retroactively reduced all offense levels found in U.S.S.G. §§ 2D1.1 and 2D1.11 by two, does not apply to career offenders sentenced under U.S.S.G. § 4B1.1(b)(1), Whiting contends that he was erroneously designated a career offender and thus Amendment 782 ought to apply to him.

1

Whiting alternatively asks the court to appoint his federal public defender, Lisa M. Lorish, as counsel to pursue a motion seeking resentencing under 28 U.S.C. § 2255.

The Government agrees that Whiting's career offender designation was a mistake. However, the Government argues that Whiting cannot proceed by 18 U.S.C. § 3582(c)(2) and Amendment 782 because (1) Whiting was sentenced under U.S.S.G. 4B1.1(b)(1) and thus Amendment 782 is inapplicable; and (2) 18 U.S.C. § 3582(c)(2) cannot be used to correct an erroneous career offender designation. Further, the Government argues that Whiting is time-barred from seeking relief under 28 U.S.C. § 2255, and that in any event 28 U.S.C. § 2255 does not provide a vehicle to challenge an erroneous application of the sentencing guidelines.

I

The court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1." United States v. Fritz, No. 2:13-cr-00002-001, 2015 WL 1932945, at *2 (W.D. Va. Apr. 29, 2015), aff'd, 621 F. App'x 196 (4th Cir. 2015). Yet, as noted, Whiting was not sentenced pursuant to U.S.S.G. § 2D1.1, but U.S.S.G. § 4B1.1(b)(1). Amendment 782 is therefore inapplicable to Whiting.

Whiting argues that Amendment 782 ought to apply because he was designated a career offender erroneously—a point on which all parties involved seem to agree—and thus should have never been sentenced pursuant to U.S.S.G. § 4B1.1(b)(1). Nevertheless, the fact

2

remains that Whiting was sentenced under U.S.S.G. § 4B1.1(b)(1). Neither 18 U.S.C. § 3582(c)(2) nor Amendment 782 permit the court to retroactively amend the guidelines pursuant to which Whiting was sentenced, even if his career offender designation is acknowledged by all to have been a mistake.

In sum, the court cannot reduce Whiting's sentence through 18 U.S.C. § 3582(c)(2) and Amendment 782 as he was sentenced pursuant to U.S.S.G. § 4B1.1(b)(1), and 18 U.S.C. § 3582(c)(2) does not provide a vehicle for challenging an erroneous career offender designation. See Dillon v. U.S., 560 U.S. 817, 831 (2010) (holding that "§ 3582(c)(2) does not authorize a resentencing"). Accordingly, the court must deny Whiting's first request.

## II

Turning to Whiting's alternative request, "in all proceedings brought under" 28 U.S.C. § 2255 "the court may appoint counsel." 28 U.S.C. § 2255(g). Although the Government contends that 28 U.S.C. § 2255 is inapplicable to Whiting's case, its argument is premature, as Whiting has yet to file any 28 U.S.C. § 2255 petition. The court will therefore appoint Whiting's federal public defender, Lisa M. Lorish, as counsel to pursue a motion under 28 U.S.C. § 2255. In doing so, the court makes no judgment as to the merit or timeliness of any 28 U.S.C. § 2255 petition subsequently filed by Whiting.

## III

For the reasons stated in this Memorandum Opinion, the court will **DENY** Whiting's motion to reduce his sentence pursuant to Amendment 782. The court appoints Lisa M. Lorish as Whiting's counsel to pursue a motion under 28 U.S.C. § 2255.

An appropriate Order will be entered this day.

3

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

                Entered:      February 13, 2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge