IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:12-CR-00002-3 |
| v. | ) |
| | ) |
| JASON MATTHEW WHITING, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Jason Matthew Whiting's motion for early termination of supervised release. ECF No. 498. For the reasons stated below, the court **GRANTS in part** and **DENIES in part** Whiting's motion, reducing the term of supervised release to forty (40) months.

On April 23, 2013, following entry of a plea agreement, Whiting was found guilty of conspiracy to distribute and manufacture 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The government filed an information pursuant to 21 U.S.C. § 851 and Whiting stipulated to having been convicted of a prior felony drug offense. Plea Agreement, ECF No. 321. On July 25, 2013, he was sentenced to a 144-month term of imprisonment to be followed by a 10-year term of supervised release. ECF No. 374.

On March 14, 2017, Whiting filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. ECF No. 443. Whiting and the government entered into an agreed resolution on May 2, 2018. ECF No. 460-1. The parties agreed that Whiting was incorrectly designated as a career offender at his sentencing hearing and that his attorney failed to object to the incorrect designation. Id. As part of the settlement,

1

the government withdrew its motion to dismiss the § 2255 petition and Whiting withdrew his appeal of the District Court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines. Id. On May 15, 2018, in accordance with the agreement, Whiting was re-sentenced to a term of 105 months, to be followed by a 10-year term of supervised release. Amended Judgment, ECF No. 465. Whiting was released from custody on January 11, 2019 and began serving his term of supervised release. ECF No. 498 at 1.

Whiting has completed approximately two years and five months of his 10-year term of supervised release. While on supervision, he has been employed, committed no violations, and has complied with all directives. He works as a truck driver and lives with his sister and her children. He would like to start his own trucking company. Id. at 2.

The court sought input from the United States Probation Officer who supervises Whiting. The officer confirmed that Whiting has done well on supervision. However, the officer also informed the court that the COVID-19 pandemic has greatly affected the officer's ability to supervise people and the officer would like additional time to make sure that Whiting is truly doing well. Because half of the time Whiting has been on supervised release was during the pandemic, the officer recommended that Whiting stay on supervision for at least an additional 12 months. The court will implement this recommendation.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of

justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. According to the Pre-Sentence Investigation Report (PSR), Whiting

3

participated in a drug trafficking conspiracy that distributed powder cocaine, cocaine base, heroin, PCP, and ecstasy. The conspiracy utilized stash houses, rental cars, and cars outfitted with secret compartments to avoid police detection. In addition, they rented apartments and hotel rooms as alternative places to manufacture cocaine base and as a distribution center. PSR, ECF No. 379 at ¶ 12. Whiting's criminal history beginning in 2002 when he was 20 years old and culminated in the charges and convictions in this case. Id. at ¶ 37-50. He has spent much of his adult life either involved in crime or incarcerated. Both his criminal history and the sophisticated nature of the drug conspiracy warrant a continued period of supervision.

Looking at the second § 3553(a) factor, the court finds that while Whiting does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for an additional period will provide him with structure and accountability as he continues to transition to life outside of prison. Regarding the range of supervised release terms for the category of offense committed by Whiting, at the time he was sentenced he faced a 10-year minimum term because of the § 851 enhancement. Id. at ¶ 94. However, without the enhancement, the minimum term of supervision would be 5 years. 21 U.S.C. § 841(b)(1)(A). Given how well Whiting has done on supervision to date, the court agrees that a reduction of the 10-year term is appropriate.

Turning to the need to avoid unwarranted sentencing disparities among defendants, Whiting points to two defendants sentenced in the Western District of Virginia to terms of incarceration plus 8-year terms of supervised release. The defendants' supervision was transferred to the District of New Jersey and both were released after completing less than two years of their terms without incident. United States v. Monroe, 1:19-cr-204 (D.N.J. Feb.

4

22, 2021); United States v. Coleman, 3:19-cr-148 (D.N.J. Jan. 12, 2021). Monroe argued that he would not be a career offender under current law and that he had overserved the sentence he would have received for the same offense today. He also argued that a § 851 enhancement that no longer applied caused his minimum term of supervised release to be increased from 5 years to 10 years. Coleman argued that he had overserved his sentence because the career offender enhancement no longer applied. ECF No. 498 at 10-11. The court granted their motions for early termination.

Whiting argues that his case is like that of Monroe because he would not be a career offender under current law and because his minimum term of supervised release was 10 years based on the § 851 enhancement where it would be 5 years if he were sentenced today. Similarly, he argues that his case is like that of Coleman because he overserved his sentence based on the erroneously applied career offender enhancement. He contends that a sentencing disparity will result if his term of supervised release is not terminated early.

However, Whiting raised these sentencing issues in his motion for a reduction in his sentence pursuant to Amendment 782 and in his § 2255 motion. ECF Nos. 432, 443. The court addressed these arguments and the parties agreed to the 105-month sentence to be followed by a 10-year term of supervised release. ECF Nos. 461, 465. In the statement of reasons, the court found that "[t]he agreed upon sentence of 105 months in this case corrects the erroneous career offender guideline designation in the original sentence. The court finds that the 105 month sentence reflects the factors under 18 U.S.C. § 3553(a), particularly the seriousness of the offense and the elimination of unwarranted sentencing disparities." Statement of Reasons, ECF No. 466 at 4. The court does not find that a sentencing disparity

is created by requiring Whiting to serve a reduced period of supervision. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Whiting also argues that remaining on supervision places burdens on him because he has had difficulty obtaining permission to get a passport and leave the jurisdiction while on supervised release so that he can go on cruises with his family. While the court is sympathetic to Whiting's desire to travel, when weighed against the benefits to him and the community from his being on supervision, his travel wishes do not compel a determination that supervision should be terminated. Whiting also is concerned that being on supervision will cause him to face additional obstacles in starting his own business because he will be required to disclose his status in applying for business licenses and any business loans. However, he does not state that he has applied for or been denied a license or loan.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Whiting's supervised release, the court **GRANTS in part** and **DENIES in part** Whiting's motion for early termination. Consistent with the recommendation of his supervising probation officer, Whiting's term of supervision is reduced to forty (40) months, which will allow for roughly an additional year of supervision unaffected by the pandemic. The court is impressed with Whiting's adherence to the conditions of supervised release, his positive attitude, his desire to start his own trucking business, and his commitment to success. But the court finds that it is both in Whiting's best interest and in the best interest of the community for him to continue to be supervised for the period specified herein.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: June 9, 2021

Michael F. Urbanski
Chief United States District Judge